(152 App. Div. 468.)

PEARSON v. REED et al.

(Supreme Court, Appellate Division, Second Department.   September 10, 1912.)

1. WILLS (§ 439*)—CONSTRUCTION—INTENTION OF TESTATOR.
     The intention of testator governs in the construction of his will.
     [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955, 957;
     Dec. Dig. § 439.*]

2. WILLS (§ 820*)—LEGACIES—CHARGES ON REAL ESTATE.
     Testator, a farmer, directed his executors to pay his debts, including
     a mortgage on his farm, out of his personal property, life insurance, and
     bank stock, and, if the same proved insufficient, the executors should sell
     such part of the farm as would discharge the balance, and, subject to
     the payment of debts, he gave his wife household furniture, utensils,
     wearing apparel, stock, farm produce, and implements.   He gave the
     residue of the real and personal property to his wife for life, and at
     her death directed his executors to pay a beneficiary, not of testator's
     blood, a specified sum, which sum he bequeathed to him, "payable as
     aforesaid."   Held, that the legacy to the beneficiary was not a charge
     on the real estate.
     [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2119, 2121;
     Dec. Dig. § 820.*]

3. WILLS (§ 732*)—LEGACIES—CHARGES ON REAL ESTATE.
     A legacy is presumably payable from testator's personal property, and
     is not a lien on his land.
     [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1732–1737, 1801–
     1818;  Dec. Dig. § 732.*]

Appeal from Trial Term, Dutchess County.

Action by Rodman J. Pearson against William L. Reed and another.   From a judgment dismissing the complaint, plaintiff appeals.
Affirmed.

See, also, 149 App. Div. 959, 133 N. Y. Supp. 1136.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Ralph Hickox, of New York City, for appellant.
Charles F. Cossum, of Poughkeepsie, for respondents.

THOMAS, J.   The question is whether a legacy to plaintiff, not of testator's blood, is a charge upon the real estate.   The testator, a farmer, in December, 1887, made his will, whereby he directed his executors to pay his debts primarily from the proceeds of sale of the personal property on his farm and money collected on his life insurance, and also therefrom to pay the mortgage on his farm, or, if insufficient, to use therefor the proceeds of sale of bank stock, or, if such property proved insufficient, to sell such part of the farm therefor as would discharge the balance of the mortgage, with power to allow such balance to remain after appropriating the personalty as directed.   Subject to the payment of debts, he gave his wife all household furniture, utensils, books, pictures, silverware, and wearing apparel, which amounted to $1,200, and stock, farm produce, or farming implements or machines, to

_____
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the value of $1,000. Then he gave the residue of the property, real and personal, to his widow for life, and at her death directed his executors to pay plaintiff $1,000, and the remainder he gave to an adopted daughter, who died before the widow, whereby the defendant Reed took the remainder under the sixth clause of the will. After payment of the debts, mortgage, and expenses of administration, and gifts to the widow, there was $46 left, which was applied on plaintiff's legacy.

[1, 2] The testator's intention governs, and the scheme of the will, and what testator said in it to effect his plan, must be studied. The testator made the gifts to his wife first selectable from the property on his farm and in his home; but even they were subject to the payment of debts. The testator foresaw that such farm property and his life insurance might not meet his debts and mortgage, and so he pointed out the next source of funds, viz., his bank stock, and he conceived that even then there might be a deficiency, and he gave a limited power of sale to sell the farm in whole or part to make up what was needed. After the payment of debts and the mortgage, the gifts to his wife were to be next. But it occurred to him that all the personalty might be consumed, and even that the farm might need to be sold, in whole or in part, before the estate for his widow's life would be reached. At least the possibility of it was in his mind. But plaintiff's legacy was not payable until the widow died, when nothing but the farm, or proceeds of sale thereof, in whole or in part, might be left.

It is difficult to conceive that the testator provided the gift to plaintiff as a courteous, but formal, recognition of his friend, without emolument, unless the personalty was sufficient. And yet I consider that he had nothing more in his mind, through a probable miscalculation of his resources, for in the fourth subdivision of his will he directs his executors, at the decease of his widow, to pay plaintiff $1,000, "which sum I hereby give and bequeath to him, payable as aforesaid." The executors could pay only from the personalty, and if that was expended they could not pay from the land. They had no power of sale of the land, save for the specific purpose of paying the mortgage, and only so much as would furnish sufficient proceeds for that purpose. Had he intended that the legacy should be paid from the proceeds of sale of the land, he would have given power to sell it for that purpose. So, in finding in what way the testator calculated that the legacy would be paid, we must regard what he said on the subject, and what facilities he understood would be used to effect his design. The balance of his judgment was that his farm would be preserved for his wife, and that she might, if she preferred, take personal charge of it, and that there would also be personal property for her life use.

[3] In the whole will there is not found intention to make the case an exception to the rule that the legacy is presumably payable from the personal property, and is not a lien on the land.

The judgment should be affirmed, with costs. All concur.